```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

**David B. Scott**

   **v.**                                                    Case No. 12-cv-435-PB
                                                                Opinion No. 2013 DNH 031

**NH Police Standards and
Training Council, et al.**


## O R D E R

David Scott was offered a job as a full-time police officer with the Barnstead, New Hampshire, Police Department. He later enrolled at the New Hampshire Police Academy, but he did not graduate because he was unable to pass the Academy's final fitness test. As a result, he is not eligible to work as a full-time police officer in New Hampshire.

Scott has sued the New Hampshire Police Standards and Training Council and the State of New Hampshire. He argues that defendants are liable under Title VII because the Academy's final fitness test improperly discriminates against male cadets. Defendants have moved to dismiss the complaint for failure to state a claim. Their principle argument is that they are not subject to Title VII because they do not qualify as Scott's "employers."

Title VII provides a cause of action against employers.[1]  It does not authorize claims against third parties who interfere with employment relationships.  <u>Lopez v. Massachusetts</u>, 588 F.3d 69, 89 (1st Cir. 2009).  In determining whether a defendant qualifies as an employer, a court must look to common law agency principles to determine the existence of an employer-employee relationship.  <u>Id.</u> at 83.

In the present case, Scott does not cite any facts that would support a claim that either of the defendants could be considered his employer under common law standards.  Instead, he argues that defendants should be treated as employers because they set standards that he must meet in order to be eligible for employment by others.  This is nothing more than a contention that the defendants should be treated as his employers for purposes of Title VII because they interfered with his attempt to obtain employment elsewhere as a local police officer.  Because the First Circuit has expressly rejected the theory of liability on which Scott's claim is based, I agree with the defendants that Scott's complaint must be dismissed.

---

[1] Title VII also covers employment agencies and labor unions.  <u>See</u> <u>Lopez v. Massachusetts</u>, 588 F.3d 69, 83 n.12 (1st Cir. 2009) (citing 42 U.S.C.§§ 2000e(c)-(d)).  Scott has failed to present any credible argument that defendants qualify under either provision.

2

The motion to dismiss (Doc. No. 5) is granted.  The clerk shall enter judgment for the defendants and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

March 8, 2013

cc:   David B. Scott, pro se
      Nancy J. Smith, Esq.